UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHOO WASHBURN,<br><br>             *Plaintiff*,<br><br>   v.<br><br>U.S. OFFICE OF PERSONNEL MANAGEMENT,<br><br>             *Defendant*. | Civil Action No. 21-1281 (TJK) |

**MEMORANDUM ORDER**

      Plaintiff Choo Washburn, proceeding pro se, sought to compel the Office of Personnel Management to redirect her portion of her ex-husband's federal-retirement-benefit payments to her directly, rather than having it paid to her court-appointed guardian. But the Court dismissed most of her claims for lack of subject-matter jurisdiction because Congress has vested the exclusive power to decide such issues in other adjudicative bodies, and it dismissed the rest of the complaint for failing to state a claim. Plaintiff now moves for summary judgment and to invalidate certain of OPM's payment codes. For the reasons described below, the Court will deny these motions.

      Both motions are meritless because the Court has already dismissed the complaint and the entire case. Plaintiff's motion for summary judgment seeks adjudication of the merits of a complaint that has already been dismissed. *See* ECF No. 58. Thus, her motion is moot. *See, e.g.*, *Bradley Mem'l Hosp. v. Leavitt*, 599 F. Supp. 2d 6, 18 (D.D.C. 2009) (finding motion for summary judgment "moot in light of the Court's decision to grant Defendant's Motion to Dismiss"). Indeed, after dismissing the case, the Court also denied Plaintiff's *original* motion for summary judgment because it was moot. *See* ECF No. 56.

Plaintiff also moves to vacate certain payment codes used by OPM pursuant to 5 U.S.C. § 706(2). *See* ECF No. 60. In so moving, Plaintiff again improperly seeks relief that goes to the merits of a dismissed complaint. The Court already found that the Civil Service Reform Act divested the Court of jurisdiction over the relevant claims because it established the exclusive forum—the Merit Systems Protection Board—in which Plaintiff's challenges to OPM's payment decisions may be brought. *See* ECF No. 56 at 7–9. So this motion is moot as well. *See Cement Kilm Recycling Coal. v. EPA*, 493 F.3d 207, 226 (D.C. Cir. 2007) ("[W]e must decide whether we have jurisdiction before we may reach the merits . . . .").

Still, mindful of its duty to liberally construe a party's pro se filings, the Court also considers these motions as requesting reconsideration of the Court's decision to dismiss. *See Robinson v. Ashcroft*, 357 F. Supp. 2d 142, 144 (D.D.C. 2004) ("A party's *pro se* pleadings are to be liberally construed." (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam))).

Federal Rule of Civil Procedure 60(b) provides one avenue for a litigant to request reconsideration.[1] Under that rule, the Court "may relieve a party from previous judgment for six enumerated reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) 'any other reason that justifies relief.'" *More v. Lew*, 34 F. Supp. 3d 23, 27 (D.D.C. 2014) (quoting Fed. R. Civ. P. 60(b)). Neither of these motions sets forth a basis to grant Plaintiff relief for any of these reasons.

Plaintiff may intend to suggest that the Court's decision to dismiss was based on a mistake

---

[1] Federal Rule of Civil Procedure 59(e) provides another way to seek reconsideration, but it is unavailable to Plaintiff here. Such a motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). But the Court dismissed the complaint on March 11, 2023. *See* ECF Nos. 55, 56. And the first of these motions was not filed until 69 days later, on May 19, 2023. ECF No. 58. This deadline may not be extended. Fed. R. Civ. P. 6(b)(2).

of some kind under Rule 60(b)(1). She argues that OPM never sent her a final decision about its appointment of a representative payee, and she suggests that failure casts doubt on the validity of that final decision in some way. *See* ECF No. 58 at 17. But even so, as the Court noted in its Memorandum Opinion, OPM's final decision was filed on the docket, providing her access to it. *See* ECF No. 56 at 6 n.2 (citing ECF No. 48-2). And Plaintiff supplies no persuasive explanation for why her purported failure to receive a copy of OPM's decision would invalidate it in some way. Thus, the Court declines to find that any sort of mistake justifies relief.

Rule 60(b)(3) applies to cases involving "fraud . . . , misrepresentation, or misconduct by an opposing party." To prevail on such a motion, a plaintiff must show that "actual prejudice" resulted from the fraud. *Munoz v. Bd. Of Trustees of Univ. of Dist. Of Columbia*, 730 F. Supp. 2d 62, 70 (D.D.C. 2010) (citation omitted). Plaintiff devotes substantial time to discussing OPM's alleged "FRAUDULENT MISCONDUCTS." *See generally* ECF Nos. 58, 60. For example, she insists that OPM falsified its final decision about her representative payee, *see* ECF No. 58 at 44–45, and that OPM employees lied to the Court by representing that a final decision had been issued, *see id.* at 51–56. But she provides no factual basis for the Court to conclude that OPM committed fraud or to disturb its previous finding that OPM had in fact rendered a final agency decision. *See* ECF No. 56 at 6 n.2. Plaintiff also fails to show that she lacked the opportunity to "fully and fairly present[]" her arguments on this issue before the case was dismissed, meaning she has suffered no prejudice. *Sieverding v. DOJ*, 910 F. Supp. 2d 149, 160 (D.D.C. 2012). And finally, Plaintiff's allegations of fraud, for the most part, go to the merits of an underlying legal question: whether OPM's decision was final. Rule 60(b)(3), by contrast, is directed at fraud committed *during* the litigation, and not at fraud that is the *subject matter* of the litigation. *See In re Hope 7 Monroe Street Ltd. Partnership*, 743 F.3d 867, 875 (D.C. Cir. 2014). For all these reasons, relief is not

warranted under Rule 60(b)(3).[2]

In sum, Plaintiff's motions are moot because they are directed to the merits of a case that has already been dismissed. And even liberally construing them as motions for reconsideration, they fail to set forth a valid basis for relief. Thus, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment, ECF No. 58, and her Motion to Invalidate, Set Aside, or Vacate, ECF No. 60, are **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: February 12, 2024

---

[2] In Plaintiff's reply, she invokes Rule 60(d), which says that Rule 60 does not limit a Court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding," or to "set aside a judgment for fraud on the court." Her reliance on Rule 60(d) is misplaced. Rule 60(d)(1) "does not affirmatively grant the courts any authority," but merely clarifies that it does not limit them. *Klayman v. Rao*, 49 F.4th 550, 553 n.3 (D.C. Cir. 2022). In other words, nothing in Rule 60 prevents a court from hearing a separate, independent lawsuit, provided that authority exists for it to do so.